UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:05-CR-702-2 |
| § | |
| ANDREW RIVAS § | |

### ORDER DENYING MOTION TO REDUCE SENTENCE § 3582(c)(2)

Andrew Rivas filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the sentencing guidelines and for appointment of counsel. D.E. 155. Because Amendment 782 does not provide relief, the motion is denied.

Rivas pled guilty to aiding and abetting possession with intent to distribute 8.76 grams of cocaine base and was sentenced to 197 months imprisonment less 18 days. D.E. 116. Rivas was held responsible for 8.76 grams cocaine base, 43.05 grams of powder cocaine, 2.9 grams of methamphetamine, 10.16 grams of methamphetamine, 6.22 grams of powder cocaine, 27.9 grams of powder cocaine, 2.93 grams of powder cocaine, 1.04 grams of methamphetamine, and 1 pound of methamphetamine for which the total marijuana equivalent was determined to be 1126.62 kilograms. Rivas' base offense level was determined to be 32, with an increase of 2 for possession of a firearm, another 2 for supervisor/organizer, less credit for acceptance of responsibility for a total offense level of 33 and a criminal history category of VI for a sentencing guideline range of 235 to 293 months imprisonment. The Court heard testimony and granted a variance to sentence Rivas to 197 months imprisonment less 18 days. D.E. 116, 148, pp. 36-40.

The Court reduced Rivas' sentence to 150 months in 2010 after an unopposed motion to reduce sentence based upon the amendment to the crack cocaine guidelines. D.E. 150.

A § 3582(c)(2) reduction may only be made when such a reduction is consistent with the policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2); *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). The applicable policy statement is found in § 1B1.10 of the Sentencing Guidelines. *Id*. Amendment 782 became retroactively applicable on November 1, 2014, but a prisoner may not be released based upon the retroactive application of Amendment 782 until or after November 1, 2015. *See* U.S.S.G. § 1B1.10(e).

Under Amendment 782, Rivas' base offense level is reduced to 28,[1] plus two levels for a firearm, two for supervisor, and credit for acceptance of responsibility, his new offense level is 29. The new guideline range is 151 to 188 months. Because Rivas was sentenced to 150 months, which is below his new guideline range, he is not eligible for a further reduction. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("Except as provided in subdivision (B), the court *shall not* reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than *the minimum of the amended guideline range* determined under subdivision (1) of this subsection.") (emphasis added).

Rivas requested appointment of counsel to assist him with a motion to reduce sentence. There is no constitutional right to counsel in § 3582 proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *United States v.*

---

[1] Changes in the drug equivalency table adjusted the marijuana equivalent of the various drugs that Rivas was held accountable for to be 982.5 kilograms which resulted in a new guideline range of 28.

*Whitebird*, 55 F.3d 1007, 1010–11 (5th Cir. 1995) (no constitutional or statutory right to counsel in § 3582 proceeding); *United States v. Hereford*, 385 Fed. App'x. 366, 367–69 (5th Cir. 2010) (designated unpublished) (appointment of counsel not required in § 3582 proceeding). However, the court may in the interest of justice appoint counsel in a § 3582 proceeding. In this case, because Rivas is ineligible for a sentence reduction, the Court denies his request. "[B]ecause Pinson is simply ineligible for a sentence reduction under § 3582(c)(2), the district court did not have any discretion to reduce his sentence. Accordingly, we conclude that under *Whitebird*, Pinson was not entitled to counsel." *United States v. Pinson*, 405 Fed. App'x. 866, 867 (5th Cir. 2010) (per curiam) (designated unpublished).

The Court DENIES Rivas' motion (D.E. 155) to reduce sentence and to appoint counsel.

SIGNED and ORDERED this 5th day of August, 2015.

_____
Janis Graham Jack
Senior United States District Judge